UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In the matters of:

| | |
|---|---|
| KPH Construction, Corp., | Case No. 19-20939 |
| KPH Environmental, Corp., | Case No. 19-20940 |
| KPH Construction Services, LLC, | Case No. 19-20942 |
| | Chapter 11 Proceedings |
| | (Motion for Joint Administration Pending) |

Debtors.

**MOTION FOR INTERIM AND FINAL AUTHORIZATION TO USE CASH COLLATERAL AND TO PROVIDE ADEQUATE PROTECTION WITH REQUEST FOR <u>EXPEDITED HEARING ON INTERIM AUTHORIZATION</u>**

<u>**With a request for an expedited hearing**</u>, KPH Construction, Corp., KPH Environmental, Corp. and KPH Construction Services, LLC (collectively, the "KPH Debtors"), move, pursuant to §§ 361 and 363(c)(2)(B) of the Bankruptcy Code and Fed. R. Bankr. P. 4001(b), for interim and final approval of the use of cash collateral (the "Motion"). In support of this Motion, the KPH Debtors state:

**Jurisdiction**

1. The KPH Debtors filed their chapter 11 cases under chapter 11 of the Bankruptcy Code on February 6, 2019. The KPH Debtors continue to manage their businesses and affairs pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1344(a) and 157(a), and the order of reference filed in this district entered pursuant to § 157(a).

Jerome R. Kerkman
Evan P. Schmit
Kerkman & Dunn
839 N. Jefferson St., Suite 400
Milwaukee, WI 53202-3744
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: jkerkman@kerkmandunn.com

3. Venue of this proceeding is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (M). It concerns the administration of the Debtors' estates pursuant to § 157(b)(2)(A) and the approval of the use of cash collateral pursuant to § 157(b)(2)(M).

## Background Facts

5. Background on the KPH Debtors' businesses is stated in the motion for joint administration filed concurrently with this motion. Paragraphs 3 through 12 of that motion are incorporated by reference, including the definitions used in it.

6. The KPH Debtors' cash collateral assets are summarized below. Excluded is the amount due subcontractors. Wisconsin law characterizes cash and receivables generated for them as trust funds held for their benefit. Wis. Stat § 779.02. As such, they are not considered to be property of a debtors' bankruptcy estate. *See, In re Marrs-Winn Co.*, 103 F.3d 584 (7th Cir. 1996) (applying Missouri law which is substantially similar to Wisconsin law).

7. The KPH Debtors' records show the following cash collateral:

| Description (Non-Trust) | KPH Constr. | KPH Environ. | KPH Constr. Serv. |
|---|---|---|---|
| Bank Accounts | $ 72,067 | $ 20,921 | $ 1,017 |
| AR – Estate Property | $ 589,350 | $ 311,141 | $ 0 |
| Inventory/Materials | $ 0 | $ 44,888 | $ 0 |
| **Total** (Non-Trust Assets) | **$ 661,417** | **$ 376,950** | **$ 1,017** |

8. Based upon a preliminary review of the KPH Debtors' internal documents, two parties potentially have an interest in cash collateral: BMO Harris Bank ("BMO") for its $2 million line of credit to KPH Construction, and Liberty Mutual for its $5.4 million indemnification claim. The documents supporting their interests are filed separately in the Debtor's Supplement to this Motion. (Supplement, Exhibits 1 through 7.) They can either be

2

Case 19-20939-beh    Doc 9    Filed 02/07/19    Page 2 of 5

obtained from the Clerk of the Bankruptcy Court or making a request to the undersigned.

9. BMO also holds mortgages on two commercial real estate properties owned by affiliates of the KPH Debtors, located at l estate located at 1237 W. Bruce St., Milwaukee, Wisconsin 53204 (the "Bruce Street Property") and 216 South 2nd Street, Milwaukee, Wisconsin 53204 ("2nd Street Property"). BMO's 6/11/18 appraisals gave the following conclusions:

|  | Bruce Street Property | 2nd Street Property | Totals |
|---|---|---|---|
| "Market Value" | $1,250,000 | $1,100,000 | $2,350,000 |
| "Disposition Value" | $1,060,000 | $ 990,000 | $2,150,000 |
| "Liquidation Value" | $ 940,000 | $ 880,000 | $1,820,000 |

10. BMO also has assignments of two life insurance policies owned by Keith Harenda with The Ohio National Life Insurance Company and Northwestern Mutual with net cash values of $223,142 (as of 5/2/18) and $33,640 (as of 12/1/18), respectively.

11. The KPH Debtors submit that the value of BMO's collateral is greater than its claim of $2 million. The interest and other obligations owed BMO are current.

12. Liberty Mutual filed UCC financing statements on November 9, 2018. They may (although the KPH Debtors do not concede they do) include cash collateral. The Debtor granted certain liens to Liberty Mutual under the bond agreements several years ago. The KPH Debtors content that Liberty Mutual does not have a secured interest in cash collateral because there is no collateral for its purported lien to attach and because any lien is voidable as a preference.

13. Other than BMO and Liberty Mutual, there are no other creditors that would appear to have a colorable claim in the KPH Debtors' cash collateral.

14. The KPH Debtors need cash to operate their businesses, including payment of Pre-Petition Wages. Without the use of cash collateral, the KPH Debtors' business would immediately fail. The KPH Debtors are operating profitably so any use of cash collateral will be

3

replaced through operations. Budgets for expenses that must be paid in order to avoid irreparable harm until a final hearing is held on this for each KPH Debtor are attached as Addendums 1 through 3 to this Motion.

**Proposed Adequate Protection**

15. The adequate protection proposed by the Debtors is the following:

(a) **Replacement Liens.** Each KPH Debtor will grant BMO and Liberty Mutual replacements liens of the same priority to the same extent and in the same collateral as it had pre-petition. Neither can improve its collateral position.

(b) **Reporting.** The KPH Debtors will provide the following reports of their receipts and disbursements once a month consistent with the Debtors' monthly reporting requirements for chapter 11 debtors plus a list of accounts receivable by aging.

(c) **Lease Obligations.** The KPH Debtors will continue to honor their pre-petition leases for the Bruce Street Property, including payment of rents, utility charges, real estate taxes and insurance even if they accrued pre-petition.

(d) **Payments.** The KPH Debtors will continue to make timely payments of interest only at the contract rate of approximately $10,000 per month to BMO.

(e) **Loan Terms.** The KPH Debtors will continue to comply with loan terms with BMO except as they conflict with the Bankruptcy Code and the order approving the use of cash collateral.

**Legal Basis for Relief Requested**

16. Pursuant to the Bankruptcy Code, a debtor cannot use cash collateral unless it has consent from the entity that has an interest in cash collateral, or "the court, after notice and a hearing authorizes such use." § 363(c)(2). Cash collateral includes a debtor's "cash, negotiable

instruments, documents of title, securities, deposit accounts, [including] the proceeds, products, offspring, rents, or other profits of property. . . ." § 363(a).

17. Section 363(e) states that the Court may authorize the use of cash collateral if holders of secured claims against cash collateral are afforded adequate protection for its use.

18. The Bankruptcy Code does not define "adequate protection," but § 361 provides examples such as (a) cash payments to the extent the collateral is decreasing in value, (b) giving the secured lender replacement liens on the collateral, and (c) granting other relief as will result in giving the secured lender the indubitable equivalent of the lender's interest in the collateral.

19. The purpose of adequate protection is to guard against diminution in the value of a secured creditor's collateral and to preserve the secured creditor's position as of the date the bankruptcy was filed. *See Resolution Trust Corp. v. Swedeland Dev. Group, Inc.*, 16 F.3d 552, 564 (3rd Cir. 1994).

## Conclusion

Wherefore, the KPH Debtors request (i) authorization on an interim and final basis to use of cash collateral on the terms stated in this Motion, (ii) the granting of adequate protection to BMO and Liberty Mutual as provided for in this motion, and (iii) other relief as is just.

Dated: February 6, 2019.  */s/ Jerome R. Kerkman*
Jerome R. Kerkman
Evan P. Schmit
Kerkman & Dunn

Attorneys for the KPH Construction, Corp., KPH Environmental, Corp., and KPH Construction Services, LLC

P.O. Address:

839 N. Jefferson St., Suite 400
Milwaukee, WI 53202-3744
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: jkerkman@kerkmandunn.com

5