UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In the matters of:

    KPH Construction, Corp., et al.,[1]

                Debtors.

Case No. 19-20939-beh
Chapter 11 Proceedings
(Jointly Administered)

## DEBTORS' MOTION FOR ENTRY OF A FINAL DECREE CLOSING THEIR CASES

The above-captioned chapter 11 debtors-in-possession (the "Debtors") hereby move for entry of a final decree closing the Debtors' cases pursuant to § 350 of the Bankruptcy Code and Fed. R. Bankr. P. 3022. In support of this motion, the Debtors state as follows:

### Jurisdictional Basis

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a), and the order of reference filed in this district entered pursuant to § 157(a).

2. Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) as a matter regarding the administration of the Debtors' estates.

### Factual Basis for Motion

4. The Debtors filed voluntary petitions for relief on February 6, 2019. Orders for relief were entered the same day.

5. On May 18, 2020, the Court entered the Order confirming the First Amended

---

[1] Jointly administered with *KPH Environmental Corp.* (Case No. 19-20940-beh), *KPH Construction Services, LLC* (Case No. 19-20942-beh), *Triple H Holdings, LLC* (Case No. 19-20945-beh), and *Keith P. Harenda* (Case No. 19-20944-beh).

Joint Plan of Reorganization, as modified (the "Confirmed Plan"). (Dkt. No. 446.) No appeal of the confirmation order has been filed.

6. The Effective Date of the Confirmed Plan occurred on September 1, 2020.

7. The Debtors have received the Octagon Payment (as that term is defined in the Confirmed Plan) and caused the required payments to be made under the Confirmed Plan with proceeds from the Octagon Payment.

8. The Debtors have made all payments due on or prior to the Effective Date of the Confirmed Plan as required by the Confirmed Plan. Those payments include all amounts due for administrative expenses, amounts due BMO on or prior to the Effective Date (Class 2), amounts due Liberty on or prior to the Effective Date (Class 3), and amounts due allowed unsecured claims on or prior to the Effective Date (Class 5). (Harenda Dec., ¶ 3.)

9. All fees due the U.S. Trustee have been paid in full. (*Id.*, ¶ 4.)

10. There are no remaining or pending motions or contested matters related to these cases.

11. The Chapter 11 Final Report, Notice of Motion, and proposed Final Decree are being filed with this motion. The Debtors request the order be entered effective as of the date of this motion.

**Legal Basis**

12. Fed. R. Bankr. P. 3022 and § 350 of the Bankruptcy Code provide that a final decree shall be entered upon the motion of a party in interest when the estate has been fully administered. Courts interpreting the meaning of "fully administered" have relied upon the 1991 Advisory Committee Note to Fed. R. Bankr. P. 3022 which sets forth the following factors:

i) whether the order confirming the plan has become final, ii) whether deposits

required by the plan have been distributed, iii) whether the property proposed by the plan to be transferred has been transferred, iv) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, iv) whether payments under the plan have commenced, and vi) whether all motions, contested matters, and adversary proceedings have been finally resolved.

13. The factors are not exhaustive and all factors do not need to be present for a determination that the estate has been fully administered. *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). The determination is made on a case by case basis and the court in which the case is pending is in the best position to decide whether a final decree is appropriate. *In re Union Home and Indus., Inc.*, 375 B.R. 912, 917 (B.A.P. 10th Cir. 2007).

14. The wide grant of discretion to the individual courts is further recognized in the Editors' Comment that "the Advisory Committee interprets 'fully administered' very loosely and encourages courts to use substantially more discretion in deciding whether to close a Chapter 11 case then Code § 350 and the Rule literally read." Fed. R. Bankr. P. 3022 ed. cmt. The entry of the final decree is more akin to an administrative task than substantive issue. *In re Gould*, 437 B.R. 34, 37 (Bankr. D. Conn. 2010) (citing *In re Fibermark, Inc.* 369 B.R. 761, 765, 767 (Bankr. D. Vt. 2007) (The confirmation order "signal[s] the legal conclusion of [a] case," and "is generally regarded as the final court determination in a chapter 11 case," while the final decree "simply delineates on the docket that the case is closed; it represents the administrative conclusion of a case for record keeping purposes.")).

15. Rule 3022 does not even require that a chapter 11 case "be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan" or statutory fees paid. *In re Gould*, 437 B.R. 34, 37 (Bankr. D. Conn. 2010).

3

## Analysis of Legal Basis

16. As applied to the Debtors' cases, the factors support finding that the Debtors' estates have been fully administered.

17. On May 18, 2020, the order confirming the plan was entered. The confirmation order has not been appealed.

18. The Debtors have received the Octagon Payment (as that term is defined in the Confirmed Plan) and caused the required payments to be made under the Confirmed Plan with proceeds from the Octagon Payment.

19. The Debtors have made all payments required to be made on or prior to the Effective Date.

20. All administrative expenses have been determined by the Court including fee applications for professionals employed by the Debtors, and the approved amounts have been paid.

21. All fees due the US Trustee have been paid in full.

22. The only remaining actions to be taken under the Confirmed Plan are to follow through completing the payment on BMO Note 1, which will be accomplished shortly, and to pursue the Kahler Litigation with any proceeds to be distributed as provided in the Confirmed Plan.

23. No further involvement by the Bankruptcy Court is needed to administer the Debtors' estates. The Confirmed Plan will control future actions of the Debtors.

**Conclusion**

For the reasons stated in this motion, the Debtors respectfully request that the Court enter a Final Decree, effective as of the date of this motion, closing the Debtors' cases.

Dated: September 8, 2020.

                                               */s/ Jerome R. Kerkman*
                                               Jerome R. Kerkman
                                               Kerkman & Dunn

                                               Attorneys for Debtors

P.O. Address:

839 N. Jefferson St., Suite 400
Milwaukee, WI 53202
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: jkerkman@kerkmandunn.com